UNITED STATES of America, Appellee,

v.

**Eugene T. BROWN, also known as Tony Brown, Appellant.**

No. 94–3076.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1994.

Decided March 28, 1995.

Bart C. Craytor, Warr Acres, OK, argued, for appellant.

Robert L. Roddey, Little Rock, AR, argued (Paula J. Casey and Robert L. Roddey, on the brief) for appellee.

Before MAGILL and BEAM, Circuit Judges, and PIERSOL,* District Judge.

---

* THE HONORABLE LAWRENCE L. PIERSOL, United States District Judge for the District of South Dakota, sitting by designation.

MAGILL, Circuit Judge.

Eugene T. "Tony" Brown appeals the district court's [1] denial of his motion to suppress evidence seized in a pat down search during a police response to reports of gun shots. Brown entered a conditional plea of guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm not registered to him in violation of 26 U.S.C. § 5861(d),[2] reserving the right to appeal the denial of his motion to suppress. We affirm.

## I. BACKGROUND

At approximately 8:49 p.m. on December 21, 1992, Blytheville police officers Alan Buchanan and Paul Blankenship, in separate cars, were dispatched in response to a 911 call reporting gun shots in the parking lot of Philbrook's Grocery, a popular "hangout" for patrons of the store. Twenty or thirty people were in the lot when the officers arrived; with their arrival, the crowd began to disperse, and Officer Buchanan saw Tony Brown walking toward him between two parked cars. Buchanan knew, from information from other Blytheville officers, that Brown was a convicted felon with a recent arrest for carrying a weapon.

Buchanan asked Brown, through the open window of the patrol car, "Tony, who's doing the shooting down here?" Brown answered that there had been no shooting; the sound had been that of a car backfiring. As Buchanan began to get out of his car, Brown turned and walked away from Buchanan. Buchanan called after him, "wait a minute, Tony, I want to talk to you." Brown did not answer and continued to walk away. Finally, Buchanan said, "Tony, stop," and Brown then stood still. Brown was wearing a jacket that covered him to mid-thigh, and carrying a cup with an alcoholic drink in it.

Buchanan asked Brown to put his hands on the patrol car, and "frisked" him. He immediately felt the shape of a gun in Brown's outside coat pocket, and said to Officer Blankenship, who was approaching, "Paul, he's got a gun in his coat pocket."

Buchanan reached into the pocket and took out a loaded and cocked sawed-off shotgun. He then handcuffed Brown, placing him under arrest.

Brown moved to suppress the evidence found during the "frisk." Following a hearing, the magistrate judge recommended denial of the motion, and the district court adopted the recommendation. Brown entered a conditional plea of guilty, reserving the right to appeal the denial of his motion to suppress, and was sentenced to 235 months imprisonment. This appeal followed.

## II. DISCUSSION

Brown argues that the stop and "frisk" were in violation of the Fourth Amendment because Buchanan did not have a reasonable, articulable suspicion that Brown was engaged in criminal activity. We review the factual findings of the district court as to what the parties said or did for clear error; we review the district court's findings that the Fourth Amendment has not been violated de novo. *United States v. Bloomfield*, 40 F.3d 910, 918 (8th Cir.1994).

■ "[B]oth investigative stops and arrests are 'seizures' under Fourth Amendment law. However, while an investigative stop must be supported by reasonable, articulable suspicion that criminal activity may be afoot, an arrest must be supported by probable cause." *United States v. Raino*, 980 F.2d 1148, 1149 (8th Cir.1992), *cert. denied,* ―― U.S. ――, 113 S.Ct. 1662, 123 L.Ed.2d 280 (1993); *see Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1879–80, 20 L.Ed.2d 889 (1968). In an investigative stop, the means employed "should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time," *Florida v. Royer*, 460 U.S. 491, 500, 103 S.Ct. 1319,

---

1. The Honorable Elsijane T. Roy, Senior United States District Judge for the Eastern and Western Districts of Arkansas, adopting the report and recommendation of the Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.

2. A third count of possession of firearm without a serial number was dismissed at the request of the government when Brown entered his guilty plea.

133

1325, 75 L.Ed.2d 229 (1982), but "an officer may take such steps as are 'reasonably necessary to protect [his] personal safety and to maintain the status quo' so that the limited purposes of the stop may be achieved," *Raino*, 980 F.2d at 1149 (quoting *United States v. Hensley*, 469 U.S. 221, 235, 105 S.Ct. 675, 684, 83 L.Ed.2d 604 (1985)).

■ Buchanan had a reasonable, articulable suspicion that criminal activity was afoot when he asked Brown to place his hands on the car, and he used the least intrusive means possible to investigate his suspicions and protect his personal safety.

Buchanan had received a report of possible gunfire in the parking lot, and immediately saw a felon who he knew had been arrested for carrying a weapon only six months previously. *See United States v. Riley*, 927 F.2d 1045, 1049 (8th Cir.1991) (information received from other law enforcement officers can form a valid basis for reasonable suspicion). When he attempted to ask Brown about the gun shots—a question that was not in itself threatening to Brown—Brown turned and walked away from him, refusing to respond to Buchanan's requests to speak with him. Brown was wearing a jacket under which a weapon could easily be concealed, and carrying an alcoholic drink. These factors, in combination, are sufficient to create a reasonable, articulable suspicion that Brown was involved in the reported gunfire. *See United States v. Watts*, 7 F.3d 122, 125 (8th Cir.1993) (conduct consistent with both guilt and innocence can be sufficient to arouse reasonable suspicion), *cert. denied*, — U.S. —, 114 S.Ct. 895, 127 L.Ed.2d 88 (1994).

■ The means Buchanan employed to carry out his brief investigation were minimally intrusive. He did not physically restrain Brown in any way until after the gun was found; he simply told Brown to stop and then to put his hands on the car. He patted Brown down on the outside of his clothes, stopping the search when he found the weapon. This procedure is well within the appropriate scope of an investigative stop.

We find that Buchanan had a reasonable, articulable suspicion that Brown was engaged in criminal activity, and that the means he employed to investigate his suspicions were minimally intrusive.

### III. CONCLUSION

For the reasons discussed above, we affirm the district court's denial of Brown's motion to suppress.