_____

No. 95-1870
_____

Andrew Weaver,                          *
                                        *
          Appellant,                    *
                                        *
     v.                                 *
                                        *
Melvin Williams, Individually           *
and in his capacity as an               *   Appeal from the United States
officer of the Sioux City,              *   District Court for the
Iowa, Police Department; Mark           *   Northern District of Iowa.
Skaff, Individually and in his          *
capacity as an officer of the           *        [UNPUBLISHED]
Sioux City, Iowa, Police                *
Department; City of Sioux City,         *
Iowa,                                   *
                                        *
          Appellees.                    *

_____

                    Submitted:  January 30, 1996

                       Filed:  February 27, 1996
                      _____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
                      _____

PER CURIAM.

     Andrew Weaver, an Iowa citizen, appeals from the district court's[1] judgment for defendants following a bench trial in Weaver's 42 U.S.C. §§ 1983 and 1985(3) action.  We affirm.

     Weaver claimed that he was the victim of an unconstitutional search in which the police exercised excessive force.  Weaver

_____

     [1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

alleged that he was singled out, because he was the only black man in a crowd that was watching police execute a search warrant. Weaver alleged further that one of the defendant officers threw him against a concrete wall, put his hands inside Weaver's pants and his finger in Weaver's anus, and held him without explanation until the other officer determined there were no outstanding warrants against him.

The district court found, based on the testimony at trial, that the officers were involved in a high-risk narcotics search of a residence associated with gang members; that they were advised gang members might be armed and dangerous, and had recently been involved in a series of violent crimes; that Weaver fit the gang profile; and that one of the officers believed Weaver had exchanged a gang hand-signal with a woman on the porch of the residence, who had yelled to Weaver that she would speak to him after the searching officers left. Crediting the officers' testimony as to the manner in which Weaver was searched, the court also found that the officer who frisked Weaver did not place his hands inside Weaver's pants, and that the search was conducted pursuant to standard police procedure.

We conclude that the district court's factual findings were not clearly erroneous,[2] and that the court correctly determined the officers' decision to stop and frisk Weaver was supported by "reasonable, articulable suspicion that criminal activity may be afoot." United States v. Brown, 51 F.3d 131, 132 (8th Cir. 1995); see Terry v. Ohio, 392 U.S. 1, 30 (1968). Although Weaver's appearance and exchange with the woman were innocent per se, we agree with the district court that these circumstances--viewed in their totality in the context of the search in progress--were sufficient to create the requisite reasonable suspicion.

_____

[2]We also see no error in the district court's additional finding that Weaver suffered only nominal damages.

See <u>United States v. Sokolow</u>, 490 U.S. 1, 9 (1989) (when considered together, several innocent activities may create reasonable suspicion).

We reject Weaver's contention on appeal that the officers exceeded the scope of a permissible frisk by running a finger inside his waistband to check for weapons.  We conclude that such a measure is sufficiently related to the protective function of the <u>Terry</u> rule to be considered within the scope of a permissible frisk.  See <u>Terry</u>, 392 U.S. at 28-30.

Accordingly, we affirm.

A true copy.

        Attest:

            CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.