_____

No. 95-3404
_____

United States of America,              *
                                       *
          Appellee,                    *
                                       *  Appeal from the United States
     v.                                *  District Court for the
                                       *  Western District of Missouri.
James Edward Tillman, Jr.,             *
                                       *
          Appellant.                   *


_____

Submitted:  February 13, 1996

Filed:  April 18, 1996
_____

Before BOWMAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

BOWMAN, Circuit Judge.


     On February 28, 1995, James Edward Tillman Jr. arrived at the Amtrak
Station in Kansas City, Missouri, on a train that originated in Los
Angeles, California.  Tillman was carrying two pieces of luggage without
identification tags.  In the station, Tillman set the bags on a chair and
then sat down two chairs from his bags.  A Kansas City police officer,
Detective Larry Cridlebaugh, approached Tillman, identified himself as a
police officer, and asked if Tillman would speak with him.  Tillman
responded in the affirmative, and Cridlebaugh asked to see his ticket.
Tillman produced a round-trip ticket from California to St. Louis in the
name of Telicia Hooker.  The ticket showed that it had been purchased with
cash.  Detective Cridlebaugh then asked to see Tillman's identification.
Tillman did not have any identification, but said his name was James.
Detective Cridlebaugh asked Tillman if he owned the bags two seats away.
Tillman denied they were his

until Detective Cridlebaugh and his partner, Detective Joe Truschinger, explained that they had seen Tillman leave the train with the bags. The detectives noticed that Tillman appeared to be nervous, his hands were trembling, and his voice started to crack. Detective Cridlebaugh asked to search the bags but Tillman refused. Detective Cridlebaugh then explained that the bags would be detained to allow a narcotics dog to sniff them. Within a few minutes, Detective Truschinger brought a narcotics detection dog into the station. The dog alerted to Tillman's bags. Detective Cridlebaugh then placed Tillman under arrest and read him his rights pursuant to <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). After obtaining a state search warrant for the bags, police officers discovered one pound of cocaine.

A federal grand jury indicted Tillman on one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1994). Tillman moved to suppress the evidence found in his bags. The District Court,[1] adopting the report and recommendation of a Magistrate Judge,[2] denied the motion and held that the decision to detain Tillman's bags for a sniff search by a narcotics detection dog was reasonable because: (1) Tillman's ticket had been purchased with cash; (2) Tillman was carrying two new bags without identification tags, which testimony established was a common practice among drug couriers; (3) Tillman was traveling from and returning to a source city for drugs; (4) Tillman's ticket was not made out in his name; (5) Tillman became nervous as detectives questioned him; and (6) Tillman initially denied that the bags he carried off the train belonged to him. Tillman then entered a conditional plea of guilty to the sole count of the indictment, reserving his right to appeal the District

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

[2]The Honorable Robert E. Larsen, United States Magistrate Judge for the Western District of Missouri.

Court's denial of his suppression motion.  The District Court sentenced Tillman to 120 months in prison followed by five years of supervised release.  The court also imposed an assessment of $50 and a fine of $1000.  Tillman timely appeals his conviction, arguing that the District Court should have granted his motion to suppress.

On appeal, Tillman does not dispute the factual findings of the District Court in any meaningful way.  He argues that the facts relied upon by the District Court are insufficient to justify the detention of his bags under the Fourth Amendment.  The District Court's legal conclusion that the Fourth Amendment was not violated is subject to de novo review by this Court.  United States v. Brown, 51 F.3d 131, 132 (8th Cir. 1995).  We conclude that the District Court properly denied Tillman's suppression motion.

Police officers "must have either the owner's consent or a reasonable suspicion supported by articulable objective facts that the luggage contains drugs" in order to detain a person's luggage for a sniff search.  United States v. Green, 52 F.3d 194, 197-98 (8th Cir. 1995).  "Reasonable suspicion must derive from more than . . . [a] `hunch,'" and conduct that is "typical of a broad category of innocent people provides a weak basis for suspicion."  Id. at 198 (citations to quoted cases omitted).  Tillman argues that the facts of this case are similar to the facts in Green, a case in which we reversed a conviction because law enforcement officers lacked the reasonable suspicion necessary to detain the defendant's bag pending a sniff search.  Unlike the defendant in Green, however, Tillman was using a ticket that was not in his own name and Tillman lied about his ownership of the two bags.  Evaluating the conduct of the police officers in the "totality of the circumstances," we conclude that the detention of Tillman's bags was not in violation of the Fourth Amendment because the detectives had a reasonable suspicion, based on articulable objective facts, that the bags contained narcotics.  See, e.g.,

-3-

United States v. Hawthorne, 982 F.2d 1186, 1189-90 (8th Cir. 1992) (approving denial of suppression motion when, inter alia, defendant arrived on train from known source city, appeared "jittery," carried only a gym-bag sized flight bag, used a one-way ticket purchased with cash, had no identification, and could not remember name of cousin he said he was visiting).

For the reasons stated, the judgment of the District Court is affirmed.


A true copy.

Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.